UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ELAINE M. WHITE,                                                    09-CV-3038-TC

                    Plaintiff,

          v.                                                              ORDER

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.

COFFIN, Magistrate Judge:

    Plaintiff brought this action for judicial review of a decision of the Commissioner of Social

Security denying her application for application of Disability Insurance Benefits. This court reversed

the Commissioner's decision and remanded the matter for further proceedings.

    Presently before the court is plaintiff's request (#29) for award of attorney fees and expenses

pursuant to the Equal Access to Justice Act (EAJA) in the amount of $4,340.45 for fees and $18.21

for expenses.

    The Commissioner does not contest the number of hours spent by plaintiff's counsel or the hourly

Page 1 - ORDER

rate requested. However, the Commissioner contends that his position in the underlying matter was substantially justified and , as such, that plaintiff is not entitled to fees.

## Legal Background

The EAJA allows an award of attorney fees only if the court finds that the government was not "substantially justified" or if "special circumstances make an award unjust." 28 U.S.C. section 2412(d)(1)(A). Substantial justification in this context means justification to a degree that could satisfy a reasonable person. Al-Harbi v. Immigration and Naturalization Service, 284 F.3d 1080 (9th Cir. 2002) (citations omitted, quotations omitted). The government's position is substantially justified if it has a reasonable basis in law and fact. Thangaraja v. Gonzalez, 428 F.3d 870, 874 (9th Cir. 2005). A holding that an agency decision was unsupported by substantial evidence is a strong indication that the government's position was not substantially justified. Id. And it is only the decidedly unusual case in which there is substantial justification even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record. Id. The government bears the burden of demonstrating substantial justification. Id.

## Discussion

The plaintiff in the present matter was examined by Dr. O'Connell who noted several significant workplace limitations. The ALJ largely rejected Dr. O'Connell's report, but the ALJ did not do so by relying on a treating physician or another examining physician and the ALJ acknowledged that the DDS' earlier determination of no severe mental impairment was made without the benefit of Dr. O'Connell's report.

This court reversed and remanded for the record to be more fully developed with the ALJ directed to contact Dr. O' Connell. This court noted that the ALJ's duty to develop the record was

Page 2 - ORDER

triggered due to ambiguous evidence and the fact the record was inadequate to allow for proper evaluation of the evidence. This court also found that the ALJ did not provide sufficient reasons to reject O'Connell's statements as it was unclear if the ALJ's findings were supported by substantial evidence in the record. As stated in this court's opinion, the Commissioner had noted in his opposition papers that O'Connell's report was vague and not explicit.

Based on the foregoing, the Commissioner has not met its burden of demonstrating substantial justification as the Commissioner's position did not have a reasonable basis in fact and the agency decision was determined to be unsupported by substantial evidence. See, Thangaraja, 428 F.3d at 874.

## Conclusion

Plaintiff's request (#29) for award of attorney fees and expenses pursuant to the Equal Access to Justice Act is allowed in the amount of $4,340.45 for fees and $18.21 for expenses.

DATED this __6__ day of October, 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge